**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

_____
                                                      )
CREEDENCE ENERGY SERVICES, LLC,      )
                                                      )
                            Plaintiff,           )          CIVIL ACTION NO.: _____
                                                      )
            v.                                      )
                                                      )
CREDENCE OILFIELD SERVICES, LLC,       )          **JURY TRIAL DEMANDED**
                                                      )
                            Defendant.         )
_____)


## COMPLAINT

Plaintiff Creedence Energy Services, LLC ("Plaintiff" or "Creedence Energy"), for its

Complaint against Credence Oilfield Services, LLC ("Defendant" or "Credence Oilfield"),

alleges as follows:


## NATURE OF THE ACTION

1.       In this action, Plaintiff seeks injunctive relief and damages for acts of trademark

infringement and unfair competition committed by Defendant in offering services under a

trademark that is confusingly similar to Plaintiff's CREEDENCE and CREEDENCE ENERGY

SERVICES trademarks, for registration, use of, and conducting business under a limited liability

company name that is deceptively similar to that of Plaintiff and of Plaintiff's North Dakota

registered trademark, and for engaging in unlawful and deceptive sales and advertising practices.

Defendant's acts violate the laws of the United States as well as the statutory and common laws of

the state of North Dakota.  In particular, this case arises under the Lanham Act 15 U.S.C.

§ 1125(a), the statutory trademark infringement laws of North Dakota, N.D.C.C. § 47-22-01 et

seq., the North Dakota Unlawful Sales or Advertising Act, N.D.C.C. § 51-15-01 et seq., the

North Dakota Uniform Limited Liability Company Act, N.D.C.C. § 10-32.1-01 et seq., and the

common law of North Dakota.

**PARTIES**

2.      Plaintiff Creedence Energy Services, LLC is a North Dakota limited liability

company having a principal place of business at 13982 W Front Street, Williston, ND 58801.

3.      Creedence Energy offers oil and gas acidizing and chemical services, pumping

and delivery services, and related chemical goods, all for oil and gas well operations.  Creedence

Energy is the owner of the CREEDENCE and CREEDENCE ENERGY SERVICES trademarks

discussed below.

4.      Upon information and belief, Defendant Credence Oilfield Services, LLC is a

North Dakota limited liability company having a principal place of business at 3512 33rd Avenue

W, Unit 22, Williston, ND 58801-6939.

5.      Upon information and belief, Credence Oilfield offers water heating equipment

and water heating services for use in hydraulic fracturing operations, well maintenance services,

and chemical pumping, acidizing, and pressure testing services, all for oil and gas well

operations.

**JURISDICTION AND VENUE**

6.      This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 et seq.,

particularly 15 U.S.C. § 1125(a), for false designation of origin, false or misleading description or

2

representation, and related unfair competition.  Plaintiff also asserts under the statutory and common laws of North Dakota claims for trademark infringement and unfair competition, unlawful or deceptive sales and advertising practices, and unlawful use of a deceptively similar limited liability company name.  This Court has subject matter jurisdiction over the federal causes of action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. §1121(a).  This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over the Defendant because, upon information and belief, the Defendant has transacted and continues to transact business in the State of North Dakota, its tortious conduct has taken place and continues to take place in North Dakota, and/or it regularly solicits and promotes its business in North Dakota, and its acts are causing tortious injury in North Dakota.

8.      Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (b) and (c) because this is the judicial district where (a) Defendant resides, (b) a substantial part of the events or omissions giving rise to the claim(s) occurred; and (c) where Defendant is subject to personal jurisdiction.

## FACTS

### CREEDENCE ENERGY AND ITS TRADEMARKS

9.      Creedence Energy was founded in August 2014 and is in the business of providing chemical and acidizing services, as well as certain chemical goods, for oil and gas well operation.  Creedence Energy specializes in down-hole remediation and addressing chemical challenges faced in oil and gas operations.  Creedence Energy's acidizing services include

having its one-of-a-kind pump trucks effectively and safely pump chemical solutions into oil and gas wells to clean mineral scale from the wells.  Creedence Energy also offers chemical delivery services, technological solutions for scavenging Hydrogen Sulfide (a toxic and corrosive gas) in crude oil, and a full range of field and lab testing, all designed to reduce the hazards and risks associated with drilling and extraction operations and address chemical challenges faced by oil and gas operators.

10.    Since at least as early as November 1, 2014, Creedence Energy has promoted and offered its goods and services in North Dakota, Montana, and Wyoming under the distinctive trademarks CREEDENCE and CREEDENCE ENERGY SERVICES (collectively, the "CREEDENCE Marks").

11.    Since at least as early as August 19, 2015, Creedence Energy has used the CREEDENCE Marks in interstate commerce in connection with its services.

12.    Since at least as early as June 20, 2016, Creedence Energy has used the CREEDENCE Marks in interstate commerce in connection with its related chemical goods.

13.    On September 12, 2014, Creedence Energy filed with the Office of the Secretary of State of North Dakota Articles of Organization for the limited liability company "Creedence Energy Services, LLC" (hereinafter "Plaintiff's LLC").  Attached at Exhibit A is a true and correct copy of the Articles of Organization.  Since then, Creedence Energy has conducted business in North Dakota, Montana, and Wyoming under this limited liability company name. Plaintiff's LLC is active and in good standing in North Dakota.

14.    In October 2016, Creedence Energy applied to register the CREEDENCE ENERGY SERVICES mark with the Office of the North Dakota Secretary of State in connection

4

with the following goods and services: corrosion inhibitors; scale inhibitors; halite inhibitors; demulsifier and emulsion breakers; hydrogen sulfide scavengers; iron chelants; iron sulfide disperants; paraffin and asphaltene disperants and inhibitors; solvents; surfactants; oxygen scavengers; biocides; polymers; friction reducers; oil and gas chemical sales and services; acid pumping, H2S scavenging, halite inhibition and freshwater reduction, flow assurance, and corrosion control services; delivery of oilfield and gasfield chemicals; field and lab testing in the oil and gas industries; acidizing; pressure pumping and well treatments; field and lab testing; oil and gas chemical program design consulting; and chemical delivery.  Registration was granted on October 28, 2016.  Attached at Exhibit B is a true and correct copy of North Dakota State Trademark Registration ID. No. 42,078,700 for the CREEDENCE ENERGY SERVICES mark. This registration is valid, subsisting, and in full force and effect.

15.    Creedence Energy markets and distributes its goods and services under the CREEDENCE Marks through its own sales force, promotional materials, catalogs, and similar types of printed literature, industry publications, through use of the CREEDENCE Marks on its delivery trucks, by means of participation and sponsorship of events, word-of-mouth, and via the Internet through its website at www.creedence-energy.com and social media pages on Facebook and LinkedIn.

16.    Creedence Energy promotes and markets its goods and services under the CREEDENCE Marks in the states of North Dakota, Montana, and Wyoming, and its website at <creedence-energy.com> is accessible from anywhere in the United States.

17.     Since its inception, Creedence Energy has spent time, effort and money on advertising and promoting its goods and services under the CREEDENCE Marks and has generated significant sales and revenue from its CREEDENCE branded goods and services.

18.     Creedence Energy currently renders its goods and services under the CREEDENCE Marks to oil and gas operators and producers in North Dakota, Montana, and Wyoming, particularly in the area known as the Williston Basin.  Creedence Energy has intentions to expand its geographic market to other states.

19.     As a result of its promotional efforts and widespread use of the CREEDENCE Marks, Creedence Energy has successfully developed substantial recognition among the consuming public for its goods and services sold under the CREEDENCE Marks and has developed and enjoys valuable goodwill associated with the CREEDENCE Marks and goods and services offered thereunder.

## CREDENCE OILFIELD'S ACTIVITIES AND INFRINGEMENT

20.     Subsequent to Creedence Energy's adoption and use of the CREEDENCE Marks in commerce, upon information and belief, in spring 2016 Defendant adopted the marks CREDENCE OILFIELD SERVICES and CREDENCE OILFIELD SERVICES & Design (as shown below) (each separately an "Infringing Mark" and collectively, the "Infringing Marks"):



21.     Subsequent to Creedence Energy's adoption and use of the CREEDENCE Marks in commerce, upon information and belief, in spring 2016 Defendant began rendering services under the Infringing Marks.

22.     Subsequent to Creedence Energy's adoption and use of the CREEDENCE Marks in commerce, Brianna Lundeen, who upon information and belief is the Chief Executive Officer of Credence Oilfield, registered on April 22, 2016 the domain names <credenceoilfield.com> and <credenceoilfieldservices.com> and began promoting and offering on these sites Defendant's services under the Infringing Mark CREDENCE OILFIELD SERVICES.

23.     Subsequent to Creedence Energy's adoption and use of the CREEDENCE Marks in commerce, Defendant, upon information and belief, registered by proxy domain registration the domain name <credenceos.com> on May 9, 2016 and began promoting and offering on this site Defendant's services under the Infringing Marks.

24.     Subsequent to Creedence Energy's adoption and use of the CREEDENCE Marks, and registration and use of the Creedence Energy Services, LLC name, upon information and belief, on May 23, 2016, Defendant registered the limited liability company name "Credence Oilfield Services, LLC" (hereinafter the "Defendant's LLC") with the Office of the Secretary of State of North Dakota.  According to the online database of the Office of the Secretary of State, Defendant's LLC is active and in good standing in North Dakota.  Attached at Exhibit C is a print-out from the North Dakota Secretary of State's online database evidencing the status of Defendant's LLC.

25.     On August 14, 2017, Defendant filed a United States trademark application, Application Serial No. 87/567,838, for the trademark "CREDENCE OILFIELD SERVICES",

7

claiming a date of first use of May 23, 2016 in commerce in connection with "Drilling and pumping of oil; Hydraulic fracturing services," in Class 37; the application was signed by Ms. Lundeen.  Attached at Exhibit D is a print-out from the TESS database of the United States Patent and Trademark Office showing the details and status of Defendant's application.

26.     On August 14, 2017, Defendant filed a second United States trademark application, Application Serial No. 87/567,827, for the trademark shown below, claiming a date of first use of May 23, 2016 in commerce in connection with "Hydraulic fracturing services; Drilling and pumping of oil," in Class 37; the application was signed by Ms. Lundeen:



Attached at Exhibit E is a print-out from the TESS database of the United States Patent and Trademark Office showing the details and status of Defendant's application (collectively referred to, with Serial No. 87/567,838, as Defendant's "Trademark Applications").

27.     Upon information and belief, the services offered by Defendant under the Infringing Marks and Defendant's LLC include providing and delivering to oil and gas operators heated water and related equipment for use in hydraulic fracturing operations, as well as pressure pumping and acid pumping services.  Such services are identical, in part, to Creedence Energy's services, and to the extent that the services are not identical, they are closely-related.

28.     Credence Oilfield's Williston, North Dakota location is only five (5) miles away from Creedence Energy's Williston headquarters from which Plaintiff offers and sells its services under the CREEDENCE Marks.

29.     Upon information and belief, Credence Oilfield conducts business under the Credence Oilfield Services, LLC name and renders and promotes its services under the Infringing Marks in North Dakota and Montana, particularly in the area known as the Williston Basin, and in Wyoming, and Colorado; its websites at <credenceoilfield.com>, <credenceoilfieldservices.com>, and <credenceos.com>, upon information and belief, are accessible from anywhere in the United States.

30.     Upon information and belief, Defendant's marketing and trade channels are virtually identical to those utilized by Plaintiff.

31.     Upon information and belief, Defendant's services are marketed to a consumer base that overlaps with that of Plaintiff, and to many of the same customers as those to whom Creedence Energy markets its services, in the same geographic areas.

32.     Upon information and belief, Credence Oilfield is well-aware and has been well-aware of Creedence Energy's rights in and to the CREEDENCE Marks since at least as early as September 2016.

33.     On September 1st, 6th, and 8th, 2016, in a series of three telephone calls, Creedence Energy founders Kevin and Wyatt Black contacted Ms. Lundeen of Credence Oilfield, informed her of Plaintiff's rights in and to the CREEDENCE Marks and Creedence Energy Services, LLC name, and demanded that Defendant cease use of the Infringing Mark CREDENCE OILFIELD SERVICES, and the Credence Oilfield Services, LLC name.

34.     During this series of telephone calls, Ms. Lundeen indicated to Messrs. Black that she would look into the process of renaming the Defendant company and transitioning to an alternative mark.

35.     Upon information and belief, Ms. Lundeen has made no changes to either her company name or the Infringing Marks since her September 2016 communications with Messrs. Black.

36.     On September 19, 2016, counsel for Plaintiff sent a cease and desist letter to the Defendant on behalf of Creedence Energy, in which counsel for Plaintiff again informed Defendant of Creedence Energy's rights in and to the CREEDENCE Marks and the Creedence Energy Services, LLC name and demanded that Defendant cease use of the Infringing Mark CREDENCE OILFIELD SERVICES, and Credence Oilfield Services, LLC name.  Attached as Exhibit F is a true and correct copy of Plaintiff's cease and desist letter.

37.     On October 4, 2016, counsel for Plaintiff had a telephone call with Ms. Lundeen in which she alluded to her receipt of Plaintiff's cease and desist letter and stated that she had engaged an unidentified attorney who would provide a response to counsel for Plaintiff shortly. Counsel for Plaintiff has never been contacted by any attorney representing Defendant.

38.     Notwithstanding Creedence Energy's repeated demands and Defendant's knowledge of Creedence Energy's prior rights in and to the CREEDENCE Marks, Defendant has failed and refused to cease use of the Infringing Marks and Credence Oilfield Services, LLC name and wrongfully, deliberately, and willfully continues to use in commerce the Infringing Marks and aforementioned company name in blatant disregard for Plaintiff's trademark and trade name rights.

39.     Moreover, Defendant willfully and knowingly, with full knowledge of Plaintiff's rights in and to the CREEDENCE Marks, filed its Trademark Applications for the confusingly similar Infringing Marks with the United States Patent and Trademark Office, and included with each of its Trademark Applications the following statement, along with Declarations signed by Ms. Lundeen averring as to the truth of such statement: "[t]o the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

40.     Upon information and belief, Defendant's false and material statements as to Defendant's entitlement to use the Infringing Marks in commerce were made in the Trademark Applications knowingly with the intent to procure registrations to which Defendant is not entitled, and therefore such statements were fraudulent.

41.     Defendant's use in commerce of the Infringing Marks is designed to and has created a situation where confusion is not only likely but inevitable.  Both Creedence Energy and Credence Oilfield are using nearly identical marks and company names in connection with identical, or closely-related services, to the same customers, in the same geographic areas.

42.     Upon information and belief, actual confusion is already occurring in the marketplace; on July 17, 2017, an employee of XTO Energy contacted Creedence Energy by telephone regarding an oil well pumping job in Montana.  This customer had previously spoken to Ms. Lundeen about the job and called Plaintiff to follow-up.  In doing so, the customer mistakenly believed that there was an affiliation between Plaintiff Creedence Energy and Defendant Credence

Oilfield and that the companies were one and the same.  Plaintiff believes that when the customer

originally contacted Credence Oilfield, he thought he was contacting Creedence Energy.  Plaintiff

had to clarify and explain to this customer that Creedence Energy is, in fact, a different company

that is neither related to nor affiliated with Credence Oilfield.

43.     Upon information and belief, the above-mentioned instance of confusion is not

isolated; further instances of actual confusion are occurring in the marketplace.  For example, on

August 9, 2017, the accounts payable department of Continental Resources, a customer of Plaintiff,

sent an email to Plaintiff, which included the greeting "Dear Accounts Receivable Supervisor" and

requested a current statement of their account and advised about new invoicing requirements.  The

email was addressed to Plaintiff's billing and invoicing manager, Plaintiff's founder Kevin Black,

*and* to Ms. Lundeen of Credence Oilfield.

44.     As further evidence of confusion, on August 27, 2017, a supervisor at Petro-Hunt, a

top customer of Plaintiff, revealed to Plaintiff during an on-site visit at one of Petro-Hunt's wells

that Credence Oilfield had recently performed a pumping job for Petro-Hunt.  The Petro-Hunt

supervisor indicated to Plaintiff that he was surprised when Defendant Credence Oilfield appeared

on location to complete the job because he had believed Creedence Energy had been contacted and

would be performing the job.  Upon information and belief, Petro-Hunt, in contacting Credence

Oilfield to handle the pumping job, mistakenly believed that it was contacting Plaintiff Creedence

Energy.

45.     In September 2017, PEC Safety, a company with which oilfield operators contract

and which certifies that oilfield operators' vendors, such as Plaintiff, carry the correct insurance

policies and are compliant with OSHA, contacted Plaintiff and advised that Plaintiff was past due

on payment of its subscription to PEC Safety's services.  Failure to pay the annual subscription fees would result in closure of Plaintiff's account with PEC Safety and Plaintiff receiving a "Do Not Use" rating with several of its biggest customers, thereby jeopardizing Plaintiff's business. Plaintiff was concerned and confused by the telephone call and immediately began to provide credit card information to PEC Safety but subsequently had the foresight to confirm that PEC Safety, in fact, had the right "Creedence" entity.  Upon further inquiry, it was revealed that PEC Safety, because of Defendant's deceptively similar limited liability company name, had mistakenly marked Plaintiff's account as past due, had nearly assigned Plaintiff a "Do Not Use" status, and had contacted Plaintiff under the mistaken belief that in doing so, they were contacting Defendant; and, Plaintiff had nearly paid Defendant's PEC Safety dues in error.

46.     Credence Oilfield's use of the Infringing Marks and Credence Oilfield Services, LLC name is without consent, permission, authorization, or license from Creedence Energy.

47.     Defendant's willful and ongoing use of the Infringing Marks and Credence Oilfield Services, LLC name is not only likely, but certain, to cause confusion as to source, sponsorship, association, or affiliation between Plaintiff and Defendant, and the parties' respective goods and services, and to cause consumers to believe mistakenly that Defendant's services are those of Plaintiff, or are sponsored, authorized, licensed or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

## COUNT I
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

48.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 47 above as if fully set forth herein.

49.     Defendant intentionally has used, and upon information and belief, will continue to use in commerce the Infringing Marks, which use is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's or Plaintiff's goods and services. Specifically, Defendant's use of the Infringing Marks with services that are identical or at least closely related to the goods and services of Plaintiff, is likely to cause consumers to believe mistakenly that Defendant's services are connected or associated with, sponsored, authorized, approved, or endorsed by Plaintiff, all to Defendant's profit and to Plaintiff's detriment.

50.     Defendant, in misappropriating Plaintiff's CREEDENCE Marks and in using the confusingly similar Infringing Marks in commerce in connection with Defendant's services, is misrepresenting, and has misrepresented, and is falsely and misleadingly describing, and has falsely and misleadingly described, the origin and source of its services.

51.     Defendant's aforesaid acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) in that use of a mark confusingly similar to Plaintiff's CREEDENCE Marks in connection with Defendant's services in interstate commerce constitutes a false designation of origin and/or false or misleading description or representation and unfair competition.

52.     Defendant's acts have damaged Plaintiff and unlawfully enriched and benefited Defendant in amounts to be determined at trial.

53.     Defendant's acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury.  As a result, Plaintiff is without an adequate remedy at law.

<u>COUNT II</u>
<u>TRADEMARK INFRINGEMENT UNDER NORTH DAKOTA LAW</u>

54.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 53 above as if fully set forth herein.

55.    Plaintiff is the owner of and holds a North Dakota state trademark registration for the mark CREEDENCE ENERGY SERVICES, which was registered pursuant to N.D.C.C. § 47-22-01 et seq.

56.    Defendant, without the consent of Plaintiff, has intentionally and knowingly used and, upon information and belief, will continue to use, a colorable imitation of Plaintiff's registered CREEDENCE ENERGY SERVICES mark in connection with the sale, offering for sale, and advertisement of Defendant's services.

57.    The aforesaid acts are likely to cause confusion, mistake or deception as to the source and origin of Defendant's services and constitute trademark infringement within the meaning of N.D.C.C. § 47-22-11.  Specifically, consumers are likely to believe mistakenly that Defendant's services are connected to, associated with, sponsored, authorized, or endorsed by Plaintiff, all to the detriment of Plaintiff and the substantial goodwill it has accrued in its CREEDENCE Marks.

58.    Defendant has engaged in the aforesaid conduct knowingly, with the intent that Defendant's use of the Infringing Marks cause confusion, mistake and/or deception among the relevant public.

59.    Upon information and belief, Defendant has profited from its intentional and knowing use of the Infringing Marks and from members of the consuming public who engaged or

used Defendant's services and who, on account of Defendant's wrongful use of the Infringing

Marks, were confused about the source of Defendant's services.

60.     Defendant's acts have damaged Plaintiff and unlawfully enriched and benefited

Defendant in amounts to be determined at trial.

61.     Defendant's acts have caused irreparable harm and injury to Plaintiff and

Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will

continue, and Plaintiff will continue to suffer irreparable harm and injury.  As a result, Plaintiff is

without an adequate remedy at law.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT**

62.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through

61 above as if fully set forth herein.

63.     Defendant's acts in promoting, offering, selling, and providing services that are

identical or closely-related to, or substantially the same character as, the goods and services of

Plaintiff, under a trademark that is confusingly similar to Plaintiff's preexisting CREEDENCE

Marks, constitute common law trademark infringement and create in consumers' minds confusion

and the impression that Plaintiff is responsible for and/or associated with the quality and

performance of Defendant's services, or is otherwise connected to the Defendant.

64.     Defendant's use of the confusingly similar Infringing Marks constitutes a use of

Plaintiff's CREEDENCE Marks, without Plaintiff's consent, in connection with services over

which Plaintiff has no control.  Such acts will materially damage the reputation of Plaintiff and the

goodwill that Plaintiff has accrued in its CREEDENCE Marks.

65.     Defendant's acts have been willful and wanton, with the purpose of intentionally

capitalizing on the goodwill associated with the CREEDENCE Marks.

66.     Defendant's acts have damaged Plaintiff and unlawfully enriched and benefited Defendant in amounts to be determined at trial.

67.     Defendant's acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury.  As a result, Plaintiff is without an adequate remedy at law.

**COUNT IV**
**DECEPTIVE ACTS AND PRACTICES UNDER NORTH DAKOTA LAW**

68.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 67 above as if fully set forth herein.

69.     Under the North Dakota Unlawful Sales or Advertising Act, N.D.C.C. § 51-15-01 et seq., "[t]he act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby," is an unlawful.

70.     Under the Act, the term "merchandise" is defined as including "services."

71.     Defendant's intentional, knowing and willful misappropriation of the CREEDENCE Marks, and its intentional, knowing and willful use of the confusingly similar Infringing Marks in connection with the sale and advertisement of Defendant's services, constitute deceptive acts or practices within the meaning of and in violation of N.D.C.C. § 15-15-02.

72.     On account of the aforesaid acts, Defendant has knowingly misrepresented to consumers, created a likelihood of confusion, and caused consumers to believe that there is a connection or association between Defendant and Plaintiff, between the parties' goods and

17

services, and/or that Defendant and Defendant's services are sponsored, endorsed or approved by Plaintiff.

73.     Defendant has knowingly engaged in this conduct, with the intent that others rely thereon in connection with the sale and advertisement of Defendant's services.

74.     Upon information and belief, Defendant has acquired money by means of these deceptive acts from consumers who used Defendant's services and who, on account of Defendant's use of the Infringing Marks, were confused about the source of Defendant's services.

75.     Defendant's acts have damaged Plaintiff and unlawfully enriched and benefited Defendant in amounts to be determined at trial.

76.     Defendant's acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury.  As a result, Plaintiff is without an adequate remedy at law.

<u>**COUNT V**</u>
<u>**UNLAWFUL USE OF AN LLC NAME UNDER NORTH DAKOTA LAW**</u>

77.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 76 above as if fully set forth herein.

78.     Under the North Dakota Uniform Limited Liability Company Act, N.D.C.C. § 10-32.1-01 et seq., a limited liability company name "may not be the same as, or deceptively similar to: (1) the name, whether foreign and authorized to do business in this state or domestic, unless there is filed with the articles a record which complies with section 3, of: (a) Another limited liability company; […] [or] (5) a trademark or service mark registered in the manner provided in chapter 47-22."

18

79.     Defendant's Credence Oilfield Services, LLC name is deceptively similar in sight, sound and meaning to both Plaintiff's Creedence Energy Services, LLC name and Plaintiff's CREEDENCE ENERGY SERVICES mark registered under chapter 47-22, which constitutes a violation of N.D.C.C. § 10-32.1-11(a).

80.     Plaintiff has an interest in preventing a competing business from conducting business in the State of North Dakota under a limited liability company name that is likely to deceive consumers into believing that there is a connection, association, or affiliation between Plaintiff and Defendant and/or that Defendant's services offered under or in connection with the limited liability company name are connected to, associated or affiliated with, or are authorized, sponsored, or endorsed by Plaintiff.

81.     Defendant's acts have damaged Plaintiff and unlawfully enriched and benefited Defendant in amounts to be determined at trial.

82.     Defendant's acts have caused irreparable harm and injury to Plaintiff and Plaintiff's goodwill and reputation, and unless restrained by this Court such activities will continue, and Plaintiff will continue to suffer irreparable harm and injury.  As a result, Plaintiff is without an adequate remedy at law.

**<u>PRAYERS FOR RELIEF</u>**

WHEREFORE, Creedence Energy respectfully requests that this Court:

A.     Adjudge that Defendant has competed unfairly, by falsely and intentionally misleading consumers, and directly or indirectly representing, that Defendant's services are connected to, associated or affiliated with, sponsored or endorsed by Plaintiff, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 et seq.;

B.      Adjudge that Plaintiff's trademark rights have been infringed as a direct and proximate result of the acts of the Defendant as set forth in this Complaint, in violation of Plaintiff's rights under the statutory and common laws of the State of North Dakota;

C.      Adjudge that Defendant has engaged in deceptive sales and advertising acts and practices, in violation of the statutory laws of the State of North Dakota;

D.      Adjudge that Defendant is conducting business under a limited liability company name that is deceptively similar to the Plaintiff's registered limited liability company name, in violation of the statutory laws of the State of North Dakota;

E.      Enter Preliminary and Permanent Injunction Orders that enjoin and restrain Defendant, its officers, directors, employees, agents, servants, attorneys, successors, assigns, and all in privity with any of them and/or in active concert or participation therewith, from:

(1)     using and applying to register with the United States Patent and Trademark Office the Infringing Marks, any derivative thereof, or designation or trademark similar thereto, in connection with the offering and sale of any goods or services, including but not limited to the offering and sale of any goods or services related to the oil and gas field industry and to hydraulic fracturing operations;

(2)     using and conducting business in North Dakota under the limited liability company name Credence Oilfield Services, LLC, or any name deceptively similar to that of Plaintiff;

(3)      engaging in deceptive sales and advertising practices;

(4)     engaging in any other act or conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or to the

affiliation, connection, association, origin, sponsorship or approval of

Defendant's services or other activities with or by Plaintiff; and

(5)      otherwise infringing upon Plaintiff's trademarks, unfairly competing with

Plaintiff in any manner whatsoever, and injuring Plaintiff's reputation and

goodwill;

F.      Require that Defendant expressly abandon its Trademark Applications, with

prejudice, and file any necessary documents with the United States Patent & Trademark Office to

effect such abandonments;

G.      Require that Defendant preserve and deliver up for destruction all promotional

materials, signage, packaging, advertisements and any other written, printed or tangible materials

bearing the Infringing Marks, or anything similar thereto;

H.      Require that Defendant file Articles of Amendment with the Office of the Secretary

of State of North Dakota, amending the name of Credence Oilfield Services, LLC to an alternative

name that is not deceptively similar to Plaintiff's Creedence Energy Services, LLC name;

I.      Require that Defendant cease any and all use of the <credenceoilfield.com>,

<credenceoilfieldservices.com> and <credenceos.com> domain names;

J.      Order Defendant to account for, and to pay over to Plaintiff, all gains, profits and

advantages derived by Defendant from the above-described wrongful acts;

K.      Award monetary damages sustained by Plaintiff as a result of Defendant's

unlawful conduct, in an amount to be proven at trial;

L.      Award Plaintiff multiple damages, as allowed by federal and North Dakota state

laws;

M.      Award Plaintiff the costs of this action and reasonable attorneys' fees incurred in

this action, as provided for under federal and North Dakota state laws;

N.      Permit Plaintiff to recover both pre-judgment and post-judgment interest on each

and every award; and

O.      Grant such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

CREEDENCE ENERGY SERVICES, LLC

By its attorney,


/s/ Miguel C. Danielson

Dated: September 20, 2017            Miguel C. Danielson (ND Bar # 07780)
                                     DANIELSON LEGAL LLC
                                     503 7th Street N, Suite 107
                                     Fargo, ND 58102
                                     Tel: (701) 540-5913
                                     Fax: (888) 742-8097
                                     miguel@danielsonlegal.com